UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA J. STATEN,

    Plaintiff,

v.

D.R. HORTON, INC.,

    Defendant.

Case No. 20-cv-10410
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

**OPINION AND ORDER GRANTING IFP APPLICATION [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

In her pro se complaint, Sandra Staten alleges that D.R. Horton, Inc. sold a home to a Caucasian woman after Staten and her husband, an African-American couple, had already paid earnest money and signed a contract to purchase that home. (ECF No. 1, PageID.4.) She also asserts that "a Magistrate Judge allowed these Defendants to eely [sic] pay us back our earnest money without vending [sic] the interest to it which was clearly indicated on their contract." (*Id.*) In addition to screening for subject-matter jurisdiction, because Staten seeks to file her complaint in forma pauperis, the Court must conduct a screening as required by 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court finds the case must be dismissed.

I.

Staten's complaint refers to a previous decision by a magistrate judge. (ECF No. 1, PageID.4.) Although Staten failed to list it as a companion case, a search of public court records reveals that the discrimination allegation which Staten references here was previously litigated in the U.S. District Court for the Northern District of Alabama. *See Staten v. D.R. Horton, Inc.* (*Staten I*), No. 17-00376 (N.D. Ala. 2017 filed Mar. 3, 2017).

In that case, Staten and her now-deceased husband, a military veteran, alleged that D.R. Horton committed racial discrimination in violation of the Fair Housing Act and the Equal Credit Opportunity Act. *See* Am. Compl. at 4–5, *Staten I*. The complaint also included state-law claims for violation of the Alabama Fair Housing Law and breach of contract. *Id.* at 6.

According to the summary-judgment opinion authored by the magistrate judge, the Statens and D.R. Horton entered into a contract in August 2015 for the Statens to purchase a home. *Staten v. D.R. Horton, Inc.-Birmingham*, No. 17-00376, 2018 WL 3418168, at *1 (N.D. Ala. July 13, 2018). The Statens paid $2,099 in earnest money to secure the purchase agreement. *See* Am. Compl. at 3, *Staten I*. The purchase agreement was conditioned on the Statens providing evidence of loan approval within 21 days. *See Staten*, 2018 WL 3418168, at *1. After the Statens failed to secure a loan approval, D.R. Horton sent them a letter terminating and releasing them from the purchase agreement. *See id.* at *2. D.R. Horton eventually sold the home to another buyer, apparently a Caucasian woman. *See* Am. Compl. at 4, *Staten I*. The Statens alleged that D.R. Horton breached their purchase agreement and violated anti-discrimination laws by selling the home to a Caucasian person instead of the couple. *See id*. at 4–6. D.R. Horton averred that it only sold the home to another buyer after the agreement was terminated because the Statens failed to secure a mortgage. *See* Def.'s Mot. for Summ. J. at 13, *Staten I*. Although D.R. Horton returned the earnest money to the Statens, the magistrate judge in the Alabama case noted that the Statens were not actually entitled to the return of the earnest money (or any interest) since the contract stated that D.R. Horton was entitled to keep it as liquidated damages. *See Staten*, 2018 WL 3418168, at *5; *see also* Def.'s Mot. for Summ. J., Ex. 37, *Staten I.*

The magistrate judge in *Staten I* found that D.R. Horton was entitled to judgment as a matter of law on all claims and dismissed the Statens' case. *See Staten*, 2018 WL 3418168, at *5.

The Statens appealed the decision to the Eleventh Circuit, but that court dismissed the appeal as frivolous. *Staten v. D.R. Horton, Inc.-Birmingham*, No. 18-13883 (11th Cir. June 14, 2019) (order granting motion to dismiss appeal as frivolous). Finally, the Statens' petition for a writ of certiorari to the U.S. Supreme Court was denied. *Staten v. D.R. Horton Inc.*, 140 S. Ct. 610 (2019).

## II.

As an initial matter, it is unclear what claim or claims Staten intends to include in her present complaint. The statement of the claim on the pro se complaint form includes allegations of discrimination based on race and possibly on Staten's husband's status as a veteran. (ECF No. 1, PageID.4.) The complaint also states that D.R. Horton must pay interest on earnest money paid by the Statens pursuant to a contract. (*Id.*) Staten indicates that the basis for jurisdiction is diversity of citizenship, which suggests her claims arise under state law only. (ECF No. 1, PageID.3.) Also, in her claim for relief, Staten asks for $2,099,000, including punitive and pain and suffering damages. Staten elaborates that "Defendants knowingly did not make good on a debt that they knew and know that they owe me, as well as allowed my husband to go to his grave with the knowledge that these type[s] of discriminative measures still exist." (*Id.* at PageID.5.)

Pro se complaints are to be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal citations omitted). So the Court will interpret the complaint broadly and assume Staten intended to include federal and state discrimination claims and a claim for unpaid interest in breach of contract, and will exercise jurisdiction over both the federal and state law claims.[1]

---

[1] The Court notes that if Staten did only intend to bring state law claim(s) under diversity jurisdiction, the Court questions whether there would be a sufficient amount in controversy to confer subject-matter jurisdiction.

3

**III.**

When a plaintiff files an action and seeks to proceed in forma pauperis, a district court must screen the complaint under 28 U.S.C. § 1915(e)(2) before service on the defendant. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). Section 1915(e)(2)(B) dictates that the Court must dismiss a case if it determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.

A complaint fails to state a claim upon which relief may be granted under Federal Rule 12(b)(6) if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the *Twombly* standard for Rule 12(b)(6) applies to § 1915).

And a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327–28).

**IV.**

Staten has not stated a plausible claim for relief. Any relitigation of the racial discrimination claim is clearly precluded. *See, e.g.*, *Reid v. City of Flint*, 221 F.3d 1335 (6th Cir. 2000); *Mohlman v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-11365, 2017 WL 67459, at *2 (E.D. Mich. Jan. 6, 2017) (citing *Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003)). To the extent that Staten intends to bring a claim for interest on the earnest money collected by D.R. Horton, or a claim for discrimination against veterans, those claims are also precluded.

Res judicata, otherwise known as claim preclusion, bars claims that were actually litigated or could have be litigated in a prior action. *See Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941

F.3d 828, 835 (6th Cir. 2019). Because Staten's original action was in federal court, federal law determines its preclusive effect. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). A claim is precluded by an earlier judgment when (1) the judgment was a final decision on the merits, (2) it involved the same parties, (3) the new claim was or should have been litigated in the prior action, and (4) identity exists between the prior and present actions. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).

The Statens' original action in Alabama was dismissed after the magistrate judge granted summary judgment to D.R. Horton. *See Staten*, 2018 WL 3418168, at *5. All appeals have been exhausted and the decision is final. And the two actions involve the same parties.

Any racial discrimination claim that Staten intends to raise in the instant case was already actually litigated in *Staten I*. In that case, the magistrate judge found that D.R. Horton was entitled to judgment as a matter of law on Staten's claims under the Fair Housing Act, the Alabama Fair Housing Law, and the Equal Credit Opportunity Act. *See Staten*, 2018 WL 3418168, at *5.

Arguably, the interest claim was also actually litigated in the Alabama action. Although the amended complaint did not explicitly mention interest on the earnest money, it did include a state-law claim for breach of contract. *See* Am. Compl., *Staten I*. And any claim to interest would be pursuant to a breach of contract claim. Also, the magistrate judge noted that the Statens argued for the first time in their response to the summary judgment motion that D.R. Horton had breached their agreement by failing to return the earnest money. *See Staten*, 2018 WL 3418168, at *5. D.R. Horton subsequently returned the money. *See id*. The judge further noted that D.R. Horton had returned the money even though it was entitled to keep it as liquidated damages per the purchase agreement. *See id.*

5

But even if the interest claim was not actually litigated, it *should have been* litigated in the Alabama action. "A plaintiff should have litigated two claims in his or her first suit, and thus may not litigate the second claim later, where, as here, the two claims 'arose from the same transaction, or series of transactions.'" *Heike v. Cent. Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 482 (6th Cir. 2014) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). Staten's claims of discrimination under the Fair Housing Act and breach of contract both arise from the same transaction: the Statens entering into an agreement with D.R. Horton to purchase a house. So Staten should have brought the contract claim in her original suit.

Any claim for discrimination on account of veteran status also should have been litigated in the Alabama action. The allegation that Mr. Staten was discriminated against because he was a veteran clearly arose from the same transaction as the claims of racial discrimination.

As for the final element, identity of claims, "[c]auses of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Id.* at 483 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)). The test depends on factual overlap. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011).

If Staten intends her latest complaint to include a discrimination claim (based on race and/or veteran-status), such a claim clearly shares an identity with the claims in the prior action, as they all allege discrimination arising out of the same set of facts.

And Staten's interest claim also stems from the same operative facts as the claims in *Staten I*: the Statens and D.R. Horton entered into a purchase agreement for a home and D.R. Horton subsequently terminated the agreement and sold the home to another buyer. So although the federal discrimination claims, the breach of contract claim, and the interest claim have different

6

elements, all of the claims arise out of the same operative facts and the same underlying factual evidence could support each cause of action. *See Tohono*, 563 U.S. at 316–17.

So res judicata applies to bar Staten's current suit. Although res judicata is typically an affirmative defense raised by a defendant, "a district court may invoke the doctrine of res judicata in the interests of . . . the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

A complaint barred by res judicata lacks an arguable basis in law or in fact. *Mohlman*, 2017 WL 67459, at *2 (citing *Taylor v. Reynolds*, 22 Fed. App'x. 537, 539 (6th Cir. 2001)); *see also Neitzke*, 490 U.S. at 325. And it also fails to state a claim for which relief can be granted. *Id.* So if Staten's complaint includes precluded claims they must be dismissed as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B). *See Murray*, 69 F. App'x at 247 (affirming district court's dismissal of IFP complaint based on frivolousness and failure to state a claim under the principle of res judicata); *Skudnov v. Housing Auth. of Bowling Green*, No. 07-149, 2007 WL 2915179, at *3 (W.D. Ky. Oct. 5, 2007) ("In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his 2005 action. As such, even if the Court did have subject-matter jurisdiction, this action is barred by the doctrine of res judicata, and therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted."); *see also McCaskill v. Michigan*, No. 19-11432, 2020 WL 806181, at *2 (E.D. Mich. Feb. 18, 2020); *Mohlman*, 2017 WL 67459, at *2; *Zueski v. MSP*, No. 15-13902, 2015 WL 7450438, at *2 (E.D. Mich. Nov. 24, 2015).

## V.

Staten's application to proceed without prepayment of costs (ECF No. 2) is hereby GRANTED. Because Staten's claims are barred by res judicata her complaint (ECF No. 1) is

DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and as frivolous.

SO ORDERED.

Dated: March 23, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 23, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson