UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA J. STATEN,

    Plaintiff,

v.

D.R. HORTON, INC.,

    Defendant.

Case No. 20-cv-10410
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

**OPINION AND ORDER DENYING MOTION TO RESCIND DISPOSITIVE ORDER [8]**

Sandra Staten filed a pro se complaint against D.R. Horton, Inc., alleging diversity jurisdiction and $2,099,000 in damages. Because Staten filed her complaint in forma pauperis, the Court was required to conduct an initial screening under 28 U.S.C. § 1915(e)(2). The Court struggled to make sense of the basis for Staten's claims against D.R. Horton based on the information provided on her complaint form. Because pro se complaints are liberally construed, the Court interpreted it broadly and assumed Staten intended to include federal and state discrimination claims and a claim for unpaid interest in breach of contract. (*See* ECF No. 6, PageID.23 (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011))). The Court found that these claims were barred by res judicata because they were, or should have been, litigated in a previous case brought by Staten in the Northern District of Alabama. (*Id.* at PageID.24–27.) So the Court dismissed Staten's case for failure to state a claim. (*Id.* at PageID.27–28.)

Staten has now filed a "Motion to Rescind Dispositive Order Dated March 23, 2020." (ECF No. 8.) Staten states that she intended her complaint to include only a claim for fraud

arising from a stale check issued by D.R. Horton and that res judicata should not apply to bar this claim. (*Id.*)

Because Staten asks the Court to reconsider its previous decision, the Court will treat Staten's motion as a motion for reconsideration.

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

Staten first argues that the Court misconstrued her fraud complaint. It is true that the Court did not appreciate that Staten was attempting to plead a fraud claim. The Court found the complaint difficult to decipher, but attempted to address all possible claims described in Staten's "Statement of Claim." (ECF No. 1, PageID.4.) But that statement did not include any mention of fraud. (*Id.*) Staten states that the Court should have known her claim was for fraud because the code assigned to the case was "Code 370; Title – Other Fraud." (ECF No. 8, PageID.8.) But the Federal Rules of Civil Procedure require the Court "not rely solely on labels in a complaint, but that [it] probe deeper and examine the substance of the complaint" *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) (citing Fed. R. Civ. P. 8(f)). This Court reasonably construed Staten's complaint based on her own description of her claims.

But even if the Court had construed the complaint as a fraud claim, it still would have dismissed the complaint for want of jurisdiction.

As the party asserting diversity jurisdiction, Staten bears the burden of establishing complete diversity of the parties and an amount in controversy greater than $75,000. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); 28 U.S.C.A. § 1332. Staten properly alleged diversity of the parties. (*See* ECF No. 1, PageID.3–4.) But not so for the amount in controversy.

If it is apparent to a legal certainty from the face of the complaint that "the claim is really for less than the jurisdictional amount," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), dismissal for lack of subject matter jurisdiction is warranted. The burden for pleading the amount in controversy is not a heavy one, and where "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *See Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005). But here it is not plausible that the damages for the fraud claim exceed $75,000.

Staten's fraud claim is apparently related to a check for $2,099.00 that she was unable to cash because it had gone stale. (ECF No. 8, PageID.31–32.) Staten alleges she is owed the $2,099.00, plus interest. (*Id.* at PageID.32.; ECF No. 1, PageID.4.)

Assuming that Staten would be entitled to interest on this amount, it still defies logic to say that she could establish more than $75,000 in controversy. Even if Staten earned 100 percent interest on the $2,099 (which is clearly not a realistic interest rate) for each of the three years it was held by D.R. Horton in an escrow account, the total interest would *still* fall far short of $75,000.

In her complaint, Staten also stated she was seeking over $2 million in damages "inclusive of punitive damages for pain and suffering and the hardship and humiliation." (ECF No. 1, PageID.5.) But "punitive damages are available in Michigan *only* when expressly authorized by the Legislature." *Gilbert v. Daimler-Chrysler Corp.*, 685 N.W.2d 391, 400 (Mich.

3

2004); *see also Peisner v. Detroit Free Press, Inc.*, 364 N.W.2d 600, 609 n.4 (Mich. 1984) (describing treble damages as an example of "true 'punitive' (i.e., punishment-type) damages"). Under Michigan law, Staten cannot recover punitive damages for a common-law fraud claim.

So it appears to a legal certainty that Staten's fraud claim is for less than the jurisdictional amount of $75,000 and thus the Court does not have jurisdiction over the claim. If she wishes, Staten may instead pursue her fraud claim in state court.

Staten has not shown a defect in the Court's order dismissing the case (ECF No. 6) that would result in a different disposition of the case. So Staten's motion to rescind the Court's order (ECF No. 8) is DENIED.

SO ORDERED.

Dated: June 22, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE



CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 22, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson